## STATEMENT OF FACTS
### United States v. Marisa Gibson

On or about March 12, 2010, the defendant Marisa Gibson was convicted of First Degree Sexual Abuse and Aiding and Abetting, Kidnapping in Aid of Racketeering Activity and Aiding or Abetting, in the United States District Court for the District of Columbia, Case Number 09-CR-41.  The defendant was sentenced to 60 months of incarceration and ten years of supervised release on each count to run concurrent to each other.

As a result of her conviction, the defendant is required to register as a sex offender for the period of her life pursuant to 18 U.S.C. § 2250, 42 U.S.C. §§ 16911(4)(A)(i) and 16915(a)(3).  The defendant is also subject to state registration requirements in any state or jurisdiction where she resides, is employed, carries on a vocation, or is a student.

On or about October 17, 2012, the defendant was released from custody.  On or about May 20, 2013, the defendant registered as a sex offender with the D.C. Sex Offender Registry.  The defendant committed a lifetime registration offense as defined by D.C. Code § 22-4001(6)(A), and thus is required to register and verify her registration at least annually for life pursuant to D.C. Code §§ 22-4002(b) & 4008(a)(1).  The defendant completed and signed a Sex Offender Registration Information Form indicating that she understood her obligations as a lifetime registrant, including among other things, her duty to report any changes of home, work or school address.  At the time, the defendant registered a home address on Georgia Avenue, NW, in Washington, D.C.

According to the D.C. Sex Offender Registry, the defendant has not registered, reported any changes of address, or verified her address since her initial registration on May 20, 2013.

 In or before August 2013, the defendant stopped reporting to the United States Probation Office.  A probation violation warrant was issued for the defendant.  The defendant was apprehended on the probation warrant on September 13, 2015, and related proceedings are ongoing.

After her arrest on the probation warrant, the defendant waived her Miranda rights and was interviewed by law enforcement.  During the course of the interview, the defendant acknowledged that she knew that she is required to register as a sex offender for the rest of her life.  The defendant admitted that she has not registered as a sex offender in any jurisdiction since her initial registration in D.C. in 2013.  In addition, the defendant admitted that she left the D.C. area in 2013 and resided in Columbus, Ohio for approximately eight months, in Houston, Texas for approximately two months, in Cherry Hill, New Jersey for approximately six months, and Philadelphia, Pennsylvania for approximately nine months.

Law enforcement has investigated the defendant's whereabouts between the defendant's initial registration as a sex offender on May 20, 2013, and her arrest on the probation warrant on September 13, 2015, by various means, including through phone records, social media, and school records.  For instance, school records for the defendant's child establish that the defendant lived with her child in the following locations:  (1) Temple Hills, Maryland, from approximately October 2013 to November 2013; (2) Columbus, Ohio, from approximately January 2014 to September 2014; (3) Cherry Hill, New Jersey, from approximately September 2014 to January 2015; and (4) Philadelphia, Pennsylvania, from approximately January 2015 to September 2015.

Law enforcement received confirmation from the sex offender registries in Ohio, New Jersey, and Pennsylvania that the defendant never registered as a sex offender in their jurisdiction between her initial sex offender registration in D.C. on May 20, 2013, and her arrest on September 13, 2015.

_____
Deputy U.S. Marshal Matthew Kiely
U.S. Marshals Service

Subscribed and Sworn before me this \_\_\_\_\_ day of _____

_____
Magistrate Judge Deborah A. Robinson
United States District Court for the District of Columbia